SAMUEL KRAUT, Plaintiff, Respondent, *v.* "JOHN" SCHENKIN, Name "John" Being Fictitious, etc., "WILLIAM" SCHENKIN, Name "William" Being Fictitious, etc., and "ARTHUR" KOBRIN, Name "Arthur" Being Fictitious, etc., Doing Business under the Firm Name and Style of SCHENKIN-KOBRIN CO., Defendants, Appellants.

Supreme Court, Appellate Term, First Department, June 27, 1924.

**Landlord and tenant — action for breach of lease arising from loss of store use and employment of additional help — damages based on rental value proper — sum paid additional help not element of damage — judgment reversed.**

In an action by the plaintiff for damages occasioned by the breach of a lease arising from the loss of use of a store, damages based on rental value and measured by such loss of store use as directly resulted from the delay, should be considered. However, a judgment for the plaintiff will be reversed since the sum paid additional help was not an element of damage where the necessity of engaging the help was not shown.

APPEAL by defendants from a judgment in favor of plaintiff of $279 and dismissing the counterclaim entered on a verdict, rendered by a jury in the Municipal Court of the city of New York, borough of Manhattan, eighth district, and from an order denying the motion to set aside the verdict and for a new trial.

*Slavin & Leichtman* (*Max A. Slavin*, of counsel), for the appellants.

*Walter Jeffreys Carlin* (*Paul C. Werner*, of counsel), for the respondent.

*Per Curiam.* Damages based on rental value and measured by such loss of store use, whether of the entire store or only of part, as directly resulted from the delay should have been considered. Believing plaintiff's testimony the jury might have also considered, in view of the circumstances as he stated them, how much of his time was necessarily caused to be lost by the alleged breach and the amount in which he should be compensated therefor. Necessity for employing a helper before the actual opening or for keeping him idle was not shown, and upon the record presented the sum paid the helper was not an element of damage.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellants to abide the event.

All concur; present, GUY, GAVEGAN and MITCHELL, JJ.

Judgment reversed and new trial ordered.